**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**SCOTT BURD,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-00264**

**DR. BECKY LNU, et al.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Scott Burd's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his pro se Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). Having considered the Application and supporting financial documentation, the Court **GRANTS** the Application. (ECF No. 1). For the reasons that follow, Plaintiff is further **ORDERED** to file an Amended Complaint correcting the deficiencies identified herein.

## I. Relevant History

On April 13, 2026, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, naming as Defendants Dr. Becky LNU, Nurse George LNU, Susie LNU, Ragina LNU, and Myria LNU, individuals allegedly involved in providing medical care at the Western Regional Jail and Correctional Facility ("WRJ"). (ECF No. 2 at 1-3).

Plaintiff's allegations concern medical treatment for serious burn injuries that he sustained before his arrest and incarceration. (*Id.* at 4-5). Plaintiff alleges that he suffered severe burns to his forearms and received initial medical treatment at St. Mary's Medical Center in Huntington, West Virginia. (*Id.*). According to Plaintiff, he was advised that he needed additional treatment in Morgantown, West Virginia, but was never transported there to receive that treatment. (*Id.*).

Plaintiff further alleges that his wounds were not properly treated during his incarceration. (*Id.*). He asserts that Defendant Nurse George changed his bandages only after Plaintiff's criminal defense attorney intervened on his behalf. (*Id.*). Plaintiff contends that the alleged lack of appropriate medical treatment has resulted in significant impairment of his hands, including an inability to open them. (*Id.*). He seeks monetary damages and medical treatment to restore the use of his hands. (*Id.*).

On April 14, 2026, the Court entered an Order directing Plaintiff to submit a properly completed Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 4). Plaintiff subsequently submitted an amended Application and supporting institutional financial documentation on April 24, 2026. (ECF No. 5).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to United States Magistrate Judge Joseph K. Reeder for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having performed an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned finds certain deficiencies in pleading that must be corrected before this action can proceed.

## II. Application to Proceed without Prepayment of Fees and Costs

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), as supplemented by his amended Application and supporting institutional financial documentation, (ECF Nos. 5, 5-1, 5-2). Having reviewed the Application and supporting documentation, the Court **FINDS** that Plaintiff qualifies to proceed *in forma pauperis* and accordingly **GRANTS** the Application. (ECF No. 5).

Under 28 U.S.C. § 1915(b)(1), a prisoner proceeding without prepayment of fees is required to pay the full filing fee and must make an initial partial filing fee payment equal to twenty percent of the greater of the average monthly deposits to his inmate account or the

average monthly balance in his inmate account for the six-month period preceding the filing of the Complaint.

Plaintiff's institutional account information reflects sufficient funds to assess an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). (ECF Nos. 5, 5-1, 5-2). Because Plaintiff's average monthly deposits exceed his average monthly account balance for the six-month period preceding the filing of his Complaint, the initial partial filing fee is calculated as twenty percent of his average monthly deposits. *Id.*; *see also* 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff is **ORDERED** to pay an initial partial filing fee of **$12.78** within thirty (30) days of entry of this Order.

If Plaintiff is presently unable to pay the assessed initial partial filing fee because he lacks sufficient funds, he shall, within the same thirty-day period, notify the Court of that circumstance in writing and submit a current copy of his inmate account statement demonstrating his inability to make the initial partial payment. Plaintiff will not be prohibited from proceeding with this action solely because he lacks the assets and means to make the initial partial payment. *See* 28 U.S.C. § 1915(b)(4).

Beginning **December 5, 2026,** and on the fifth day of each month thereafter, monthly payments shall be made in an amount equal to twenty percent of the preceding month's income credited to Plaintiff's inmate account until the full filing fee of $350.00[1] has been paid. The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, is **ORDERED** to forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10.00 until the full filing fee is paid. *See* 28 U.S.C. § 1915(b).

[1] The filing fee for civil actions in this district is $405.00, which includes a $55.00 administrative fee. However, the administrative fee does not apply to persons granted *in forma pauperis* status or habeas proceedings. *See* https://www.wvsd.uscourts.gov/sites/wvsd/files/DISTRICT%20COURT%20FEES%20-%2012-01-2023%20FINAL.pdf.

It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to Plaintiff.

## III. <u>Deficiencies in the Complaint</u>

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has preliminarily reviewed Plaintiff's Complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although pro se complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop Plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the Court may allow a pro se plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### *Pleading Requirements*

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). The operative words are "short" and "plain."

Federal Rule of Civil Procedure 10 addresses the form of pleadings. Rule 10 requires the complaint to name all of the parties, Fed. R. Civ. P. 10(a), and requires a party to state his

claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Here, Plaintiff's Complaint does not satisfy these pleading requirements. Although Plaintiff describes serious injuries and alleges that he did not receive necessary medical treatment, his allegations do not adequately identify the specific conduct attributable to each Defendant or explain the circumstances surrounding the alleged denial or delay of medical care. Accordingly, Plaintiff must file an Amended Complaint that clearly and concisely sets forth each claim and the factual allegations supporting it.

***Failure to State a Claim***

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of state law. To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege, or immunity; and (2) the official did so under color of state law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983.

For an individual defendant to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Accordingly, Plaintiff must set forth factual allegations explaining how each Defendant personally violated Plaintiff's federal constitutional or statutory rights.

Here, Plaintiff's allegations appear to assert a claim of deliberate indifference to serious medical needs. The Constitution protects incarcerated individuals from constitutionally inadequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

The applicable constitutional standard depends upon Plaintiff's custodial status at the time of the alleged deprivation. For a convicted prisoner, a claim of deliberate indifference to serious medical needs arises under the Eighth Amendment and requires allegations demonstrating a serious medical need and a defendant's subjective awareness and disregard of an excessive risk to the prisoner's health. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). For a pretrial detainee, the claim arises under the Fourteenth Amendment, and the Fourth Circuit has held that the detainee need not establish a defendant's subjective knowledge of the risk. *See Short v. Hartman*, 87 F.4th 593, 611-12 (4th Cir. 2023). Rather, the detainee must establish, among other things, that the defendant's action or inaction in response to a substantial risk of serious harm was objectively unreasonable under the circumstances. *Id.*

Although deliberate indifference may arise from the intentional denial or delay of access to necessary medical treatment, allegations amounting only to negligence or medical malpractice do not establish a constitutional violation. *See Estelle*, 429 U.S. at 104-07; *Short*, 87 F.4th at 611-12.

In this matter, Plaintiff alleges that he sustained severe burns to his forearms, that additional medical treatment was recommended, and that he has experienced significant impairment of his hands. (ECF No. 2 at 4-5). These allegations describe a potentially serious medical need. However, the Complaint does not provide sufficient factual information concerning the medical treatment Plaintiff received, the circumstances surrounding the alleged failure to obtain additional treatment, or the particular actions or omissions of each Defendant.

Specifically, Plaintiff alleges that he received treatment at St. Mary's Medical Center and was advised that additional treatment in Morgantown was necessary. (*Id.*). However, Plaintiff does not identify when that recommendation was made, the nature of the

recommended treatment, whether the recommendation was communicated to the medical personnel responsible for his care at WRJ, or which Defendant allegedly failed to arrange or provide the treatment. Plaintiff should clarify these circumstances, including, to the extent known, the approximate dates of the relevant events and the individuals involved.

Additionally, Plaintiff identifies Dr. Becky LNU, Nurse George LNU, Susie LNU, Ragina LNU, and Myria LNU as Defendants but does not adequately explain the specific conduct attributable to each individual. For example, although Plaintiff alleges that Nurse George changed his bandages after his attorney intervened, the Complaint does not sufficiently explain the circumstances surrounding that treatment, including when it occurred, what treatment had previously been requested or denied, and how Nurse George's conduct allegedly violated Plaintiff's constitutional rights. Plaintiff must similarly explain what each remaining Defendant personally did or failed to do concerning his medical needs.

Plaintiff should also clarify the nature and timing of the injuries he attributes to the alleged denial or delay of medical treatment, including his reported inability to open his hands. While Plaintiff is not required to establish his claims or submit medical records at this stage, he must provide sufficient factual allegations to permit the Court to determine whether the conduct of each Defendant plausibly constituted deliberate indifference to a serious medical need.

Finally, Plaintiff must clarify his custodial status during the relevant events, including whether he was a pretrial detainee or a convicted prisoner, so that the Court may determine the appropriate constitutional standard governing his claims.

Accordingly, Plaintiff must amend his Complaint to identify the Defendant or Defendants responsible for each alleged constitutional violation, explain the specific conduct underlying each claim, and provide sufficient factual allegations to permit the Court to determine whether he has stated a plausible claim for relief under § 1983.

***One Single Document***

Plaintiff is advised that his Amended Complaint will supersede the original Complaint and should therefore contain all claims, factual allegations, and Defendants that Plaintiff wishes the Court to consider. Plaintiff should not rely upon the original Complaint or any other prior filing to supply allegations or claims omitted from the Amended Complaint. Rather, Plaintiff should include all allegations and facts relevant to his claims in one singular Amended Complaint.

## IV. Conclusion

For the reasons stated above, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **GRANTED**.

Plaintiff is **ORDERED** to pay an initial partial filing fee of $12.78 on or before November 16, 2026. If Plaintiff is presently unable to pay the assessed initial partial filing fee because he lacks sufficient funds, he shall, on or before November 16, 2026, notify the Court of that circumstance in writing and submit a current copy of his inmate account statement demonstrating his inability to make the initial partial payment.

Plaintiff is further **ORDERED** to file, on or before November 16, 2026, an Amended Complaint pursuant to 42 U.S.C. § 1983 using the Court-approved form provided by the Clerk of Court. Plaintiff's Amended Complaint must comply with the requirements set forth herein and must be filed as one complete, stand-alone document. In his Amended Complaint, Plaintiff shall:

1. Identify by name each individual or entity that Plaintiff contends violated his federal constitutional or statutory rights. To the extent Plaintiff does not know the name of a particular individual, Plaintiff shall identify that person as specifically as possible, including, if known, the individual's position or job title, employer, work location, shift, and other information that may assist in identifying the individual;

2. Separately state the factual basis for each claim, including the approximate date and location of the relevant events;
3. Explain what each Defendant personally did or failed to do that Plaintiff contends violated his federal constitutional or statutory rights;
4. Identify the specific federal constitutional or statutory right that Plaintiff contends was violated by each Defendant;
5. Clarify the nature of his burn injuries, the medical treatment he received, and the additional treatment allegedly recommended by medical providers, including the recommendation for treatment in Morgantown;
6. Explain which Defendants knew or reasonably should have known of his medical condition and treatment needs, how they became aware of those needs, and what actions they took or failed to take in response;
7. Explain the circumstances surrounding any alleged denial or delay of medical treatment, including the approximate dates, the treatment requested or recommended, and the Defendant or Defendants allegedly responsible;
8. Clarify his custodial status during the relevant events, including whether he was a pretrial detainee or a convicted prisoner;
9. Explain how each Defendant's specific actions or omissions caused or contributed to his alleged injuries, including the reported impairment of his hands; and
10. Clearly and simply state the relief Plaintiff seeks from this Court with respect to each claim.

Plaintiff is hereby **NOTIFIED** that the Amended Complaint will supersede the original Complaint and become the operative pleading in this action. Therefore, Plaintiff must include in the Amended Complaint all claims, factual allegations, and Defendants that he

wishes the Court to consider and may not rely upon or incorporate by reference allegations contained in the original Complaint or any other prior filing.

Plaintiff is further **NOTIFIED** that failure to file a completed Amended Complaint on or before November 16, 2026, may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with an order of the Court. Plaintiff is also **NOTIFIED** that failure to pay the initial partial filing fee or, alternatively, notify the Court and submit a current inmate account statement demonstrating his inability to make the payment on or before November 16, 2026, may result in further action by the Court.

Plaintiff is further **NOTIFIED** that he is responsible for notifying the Clerk of Court of any change in his address or other contact information. Failure to do so may result in a recommendation of dismissal of this action.

The Clerk is directed to provide Plaintiff with a blank form Complaint pursuant to 42 U.S.C. § 1983 and a copy of this Memorandum Opinion and Order. The Clerk is further directed to send a copy of this Memorandum Opinion and Order to the appropriate financial officer at Western Regional Jail and Correction Facility.

**ENTERED:** October 15, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE